```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                                    :
GEA WESTFALIA SEPARATOR, INC., and  :
ACE ETHANOL, LLC,                   :
                                    :    09 Civ. 7686 (LMM)
              Plaintiffs,           :
                                    :    MEMORANDUM AND ORDER
     - against -                    :
                                    :
GREENSHIFT CORPORATION,             :
                                    :
              Defendant.            :
                                    :
------------------------------------x
```

McKENNA, D.J.

> 1.

In this action, plaintiffs -- GEA Westfalia Separator, Inc. ("Westfalia") and Ace Ethanol, LLC ("Ace Ethanol") --

> seek a declaratory judgment, under the Declaratory Judgment Act, 28 U.S.C. § 2201, that a patent recently issued to defendant GreenShift by the U.S. Patent and Trademark Office (the "Patent Office") for the recovery of corn oil from thin stillage is invalid. Plaintiffs also seek a declaration that any activities by Westfalia and Ace Ethanol relating to corn oil recovery do not infringe that patent. In addition, Plaintiffs seek to enjoin GreenShift from continuing to engage in a coordinated campaign of false advertising and deceptive business practices relating to its claimed intellectual property rights.

(First Amended Complaint ("FAC") ¶ 1.) Defendant -- GreenShift Corporation ("GreenShift") -- moves, pursuant to Fed. R. Civ. P. 12(b)(1), or, alternatively, id. 12(b)(6), for an order dismissing plaintiffs' Third, Fourth and Fifth claims, alleging, respectively, (i) the violation of the Lanham Act, Section 43, 15 U.S.C. § 1125

(a), (ii) the violation of New York General Business Law §§ 349, 350 and 350-a, and (iii) common law unfair competition.  The claims relate to communications by GreenShift to customers of Westfalia (including Ace Ethanol), among others, claiming that a process to recover corn oil using equipment manufactured and sold by Westfalia would infringe a patent for which GreenShift had applied and has since, on or about October 13, 2009, obtained.  GreenShift's communications allegedly constitute "false or misleading descriptions or representations of fact."  (FAC ¶¶ 124 (Third Claim), 130 (Fourth Claim), and 135 (Fifth Claim).)

## 2.

"When ruling on a motion for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Querim v. E.E.O.C., 111 F. Supp. 2d 259, 263 (S.D.N.Y. 2000). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote omitted)).  Similar principals apply to motions under Fed. R. Civ. P. 12(b)(1) based on alleged lack of standing.

Connecticut v. Physicians Health Servs. of Conn. Inc., 287 F.3d 110, 114 (2d Cir. 2002).

**3.**

The Court considers first GreenShift's argument that plaintiffs do not have standing to assert the Third, Fourth and Fifth claims.

Plaintiffs state that, "[b]ecause [the Fourth and Fifth] claims substantially duplicate Plaintiffs' Lanham Act claim, Plaintiffs do not oppose their dismissal." (Pl. Mem. at 1 n.1.) The Fourth and Fifth claims will, therefore, be dismissed.

GreenShift argues that plaintiffs do not have standing to pursue their Lanham Act claim against GreenShift because neither Westfalia nor Ace Separator competes with GreenShift. (Def. Mem. at 7 (citing Telecom Int'l Am., Ltd. v. AT&T Corp., 280 F.3d 175, 197 (2d Cir. 2001)).)

The Second Circuit case law, however, does not require that the plaintiff in a Lanham Act Section 43 claim be a direct competitor. Rather:

> To establish standing for a false advertising claim under section 1125(a) of the Lanham Act, the aggrieved party must demonstrate "a reasonable interest to be protected against the advertiser's false or misleading claims, and a reasonable basis for believing that this interest is likely to be damaged by the false or misleading advertising." The likelihood of injury and causation " will not be presumed, but must be demonstrated in some manner." However, the type and quantity of proof we have required to show injury and causation has varied from case to case.  Generally, we have tended to

>       require a more substantial showing where the plaintiff's products are not obviously in competition with the defendant's products, or the defendant's advertisements do not draw direct comparisons between the products.

Societe des Hotels Meridien v. LaSalle Hotel Operating P'ship, L.P., 380 F.3d 126, 130 (2d Cir. 2004) (quoting Ortho Pharm. Corp. v. Cosprophar, Inc., 32 F.3d 690, 694 (2d Cir. 1994) and Coca-Cola Co. v. Tropicana Prods., Inc., 690 F.2d 312, 316 (2d Cir. 1982), abrogated on other grounds by Fed. R. Civ. P. 52(a)).

Here, plaintiffs have alleged facts which adequately establish standing to assert a Lanham Act Section 43 claim against GreenShift. Plaintiff Ace Ethanol, using a centrifuge, manufactured by and purchased from Westfalia, produces ethanol from corn. (FAC ¶ 37) Westfalia alleges that, through "know-how and expertise," a process with its centrifuge can recover additional corn oil from what is called thin stillage, a byproduct of the derivation of ethanol from corn oil, which additional corn oil can then be sold for a number of applications. (FAC ¶¶ 32-33, 35) In July (and again in October) of 2009, according to the FAC (¶¶ 77, 109), GreenShift sent letters to (among others) users of Westfalia centrifuges, claiming that those entities were producing corn oil by practices that come within the scope of GreenShift's published patent applications. Those letters, according to plaintiffs, were false. "Several of Westfalia's customers blamed [Westfalia] for what they erroneously believed to be their liability to GreenShift

and demanded that Westfalia indemnify them.  Prospective Westfalia customers likewise expressed concern that they would owe GreenShift a royalty should they buy a Westfalia centrifuge and reconsidered, or in some cases backed out of, their purchases on that basis." (Id. ¶ 9.)

These alleged circumstances are sufficient to show that plaintiffs have "'a reasonable interest to be protected against the advertiser's false or misleading claims, and a reasonable basis for believing that this interest is likely to be damaged by the false or misleading advertising.'"  Societe des Hotels, 380 F. 3d at 130 (quoting Ortho Pharm., 32 F.2d at 694).[1]

**4.**

GreenShift makes several arguments in support of its motion for failure to state a claim:  (i) that its communications were not made in connection with goods or services as required by 15 U.S.C. § 1125(a)(1)(B); (ii) that its communications were not false; (iii) that its communications did not constitute commercial advertising or promotion; (iv) that Westfalia has not alleged facts showing that its communications were either actually or are likely to deceive a substantial segment of the intended audience; (v) that Westfalia and Ace Ethanol have failed to allege that the communications resulted in actual or probable injury; and (vi) that

---

[1] GreenShift's communications are better characterized as "promotion" than "advertising." See 15 U.S.C. § 1125(a)(1)(B).

5

Westfalia and Ace Ethanol have not alleged that GreenShift acted in bad faith.

In order to state a claim under 15 U.S.C. § 1125(a)(1)(B) for false commercial advertising or promotion, a plaintiff must, generally, show (1) commercial speech (2) for the purpose of influencing consumers to buy defendant's good or services, and (3) sufficient dissemination to the relevant purchasing public. Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc., 314 F.3d 48, 56-58 (2d Cir. 2002) (adopting first, third and fourth elements of the test set forth in Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics, 859 F. Supp. 1521, 1535-36 (S.D.N.Y. 1994)).[2] Against this general background, the Court considers GreenShift's specific arguments.

**i.**

The FAC adequately alleges that GreenShift's statements were made in connection with goods or services. Westfalia is alleged to have manufactured c4entrifuges for use by ethanol producers to separate corn oil from condensed thin stillage by a process using the Westfalia centrifuge; GreenShift's communications suggest that GreenShift's pending, and later obtained, patent is

---

[2] The Court generally follows Second Circuit, rather than Federal Circuit, law as to the Lanham Act claim, see Spotless Enters. v. Carlisle Plastics, Inc., 56 F. Supp. 2d 274, 277 (E.D.N.Y 1999), but includes the Federal Circuit's rule that a Lanham Act Section 43 plaintiff alleging improper suggestions to the market of infringement of a patent must allege the patentee's bad faith, see Zenith Elec. Corp. v. Exzec, Inc., 182 F.3d 1340, 1353-54 (Fed. Cir. 1999).

thereby violated.  (FAC ¶¶ 3-4, 6-7.)  GreenShift's communications were made in relation to the process used with Westfalia's centrifuge, and are thus made in connection with Westfalia's goods and services.

### ii.

The next issue is whether the challenged GreenShift communications were or were not false.

As alleged, GreenShift holds the intellectual property rights to at least two processes for the extraction of corn oil, and has, since May 2005, been seeking patent protection for those processes; after an extensive process of narrowing of claims, on October 13, 2009, U.S. Patent No. 7,601,858 ("'858 Patent") was issued to GreenShift.  (FAC ¶¶ 40-72.)

Clearly, "[t]o establish a false advertising claim under Section 43(a), the plaintiff must demonstrate that the statement in the challenged advertisement is false.  'Falsity may be established by proving that (1) the advertising is literally false as a factual matter, or (2) although the advertisement is literally true, it is likely to deceive or confuse customers.'"  Nat'l Basketball Ass'n v. Motorola, Inc., 105 F.3d 841, 855 (2d Cir. 1997) (quoting Lipton v. Nature Co., 71 F.3d 464, 474 (2d Cir. 1995)).[3]  Plaintiffs allege that GreenShift's communications are false.  (FAC ¶¶ 8, 82.)

---

[3] See n.1, supra.

GreenShift's July 2009 communications identify its relevant patent applications ("GreenShift Applications"), state that "[i]t has come to our attention that [the addressee] may be practicing processes and/or installing systems for recovering corn oil that may fall within the scope of the published claims of the GreenShift Applications," give further detail as to the processes and the use of a centrifuge, and state: "This activity falls squarely within the scope of the published claims of the GreenShift Applications. [The addressee] is thus liable under 35 U.S.C., § 154(d) once these patent applications issue." (FAC ¶ 79.) 35 U.S.C. § 154(d) is then quoted, in part, and the statement concludes that: "If, after reviewing these published applications, you are interested in integrating GreenShift's patent pending extraction technologies into your ethanol production facilities under a mutually beneficial agreement, please contact GreenShift's Chief Technology officer...." (Id.) "Sections 154(d)(1) and (2) [of 35 U.S.C.] permit[] [a patentee] to obtain reasonable royalties for activities amounting to infringement of the [application's] claims if: (1) the issued patent claims are substantially identical to the claims in the published application...." Stephens v. Tech Int'l, Inc., 393 F.3d 1269, 1275 (Fed. Cir. 2004) (footnotes omitted).

GreenShift argues, as to the alleged falsity of its statements, that plaintiffs admit GreenShift's statements are not

8

false.  (Def. Mem. at 15.)  The record on the present motion, however, does not support this argument.

Plaintiffs contend that the statements are "literally false" in that they state that the "recipients of each of the letters 'is ... liable under 35 U.S.C. § 154(d) once these patent applications issue'" (Pl. Mem. at 12-13), because (according to plaintiffs) the 35 U.S.C. § 154 (d)(1) "right [to] a royalty is contingent upon the claims as issued being 'substantially identical' to the claims in the published patent application'" (id. at 13 (quoting 35 U.S.C. § 154(d)(2)); whereas, here, the claims of the '858 patent are not substantially identical to those of the applications as a result of the many modifications to the claims made during proceedings in the Patent and Trademark Office (id. at 14-15).  (See FAC ¶¶ 42-63 for alleged details of such proceedings.)  GreenShift has not demonstrated, through a comparison of the process used in Westfalia centrifuges by Westfalia customers against the patent application's published claims, as changed from time to time, that the process violated the claims in place in July of 2009 (FAC ¶ 76) or in October of 2009 (id. ¶ 109).

The allegations in the FAC, thus, adequately allege falsity.

9

### iii.

GreenShift's communications, in context, come within the Lanham Act category of "commercial advertising or promotion." 15 U.S.C. § 1125(a)(1)(B). The communications, in substance, invite the recipients to enter into a commercial transaction with GreenShift.

### iv. & v.

Plaintiffs have adequately alleged that GreenShift's communications have deceived, or are likely to deceive, some of Westfalia's customers. (See FAC ¶ 9.)

### vi.

Citing Dominant Semiconductors SDN. BHD. v. Osram GMBH, 524 F.3d 1254, 1260 (Fed. Cir. 2008), GreenShift argues that plaintiffs have not alleged, as required, that GreenShift acted in bad faith. (Def. Mem. at 18-19.) GreenShift has not cited Second Circuit authority requiring such an allegation in a Lanham Act Section 43 case.[4] The Federal Circuit, however, requires the allegation in Lanham Act Section 43 cases in which a patentee is made a defendant because of the patentee's assertion that the plaintiff is infringing the patentee's patent rights. Dominant,

---

[4] Generally, an allegation of bad faith is not an element to be alleged in Lanham Act Section 43 cases. See 5 J. Thomas McCarthy, Trademarks and Unfair Competition § 27:13, (4th ed. 2009); see also Spotless, 56 F. Supp. 2d at 285-88, but see n.2, supra, for the Federal Circuit's different view when accusations of false allegations of patent infringement are at issue.

10

524 F.3d at 1260; <u>Zenith</u>, 182 F.3d at 1353-54.  Since plaintiffs do not allege bad faith on the part of GreenShift in their Lanham Act claim, at least in so many words, and given the liberal policy toward amendments of Fed. R. Civ. P. 15, plaintiffs may, not later than 20 days from the date hereof, amend their Third Claim to allege bad faith, if they believe they can do so consistently with <u>id.</u> Rule 11.

*   *   *

Plaintiffs Third, Fourth and Fifth Claims are dismissed, with leave to replead the Third Claim to the extent set forth above, within 20 days of the date hereof.[5]

SO ORDERED.

Dated: May /7, 2010

                                        Lawrence M. McKenna
                                        U.S.D.J.

---

[5] The parties are to submit a jointly proposed discovery schedule or, if that is not possible, their respective views as to a discovery schedule.

524 F.3d at 1260; <u>Zenith</u>, 182 F.3d at 1353-54.  Since plaintiffs do not allege bad faith on the part of GreenShift in their Lanham Act claim, at least in so many words, and given the liberal policy toward amendments of Fed. R. Civ. P. 15, plaintiffs may, not later than 20 days from the date hereof, amend their Third Claim to allege bad faith, if they believe they can do so consistently with <u>id.</u> Rule 11.

*   *   *

Plaintiffs Third, Fourth and Fifth Claims are dismissed, with leave to replead the Third Claim to the extent set forth above, within 20 days of the date hereof.[5]

SO ORDERED.

Dated:  May 17, 2010

```
                              _____
                              Lawrence M. McKenna
                              U.S.D.J.
```

---

[5] The parties are to submit a jointly proposed discovery schedule or, if that is not possible, their respective views as to a discovery schedule.

11